UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER REVELS,<br><br>   Plaintiff,<br><br> v.<br><br>MARIN COUNTY JAIL, et al.,<br><br>   Defendants. | Case No. 22-cv-06723-JST<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 13 |

Plaintiff, an inmate at Marin County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's amended complaint. ECF No. 13. For the reasons set forth below, the amended complaint is DISMISSED with leave to amend.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Procedural Background**

The Court dismissed the initial complaint because it was a conclusory laundry list of all the wrongs that Plaintiff has suffered while housed at Marin County Jail and lacked the necessary specifics to state cognizable claims for relief. Among other deficiencies, the initial complaint also failed to identify which individual prison official committed the alleged constitutional violation; made general references to constitutional violations, and appeared to violate the joinder requirement. ECF No. 7.

**C.    Amended Complaint**

The amended complaint names as defendants the following Marin County Jail ("MCJ") prison officials: commander Captain Hale, nursing supervisor Aleksei Rajmachvili, mental health supervisor Kyle Hara, psychiatrist Rebeca Quezada, and nurse practitioner Joseph Bieleselo. ECF No. 13 at 2.

The amended complaint makes the following allegations. On August 7, 2022, Plaintiff was housed in MCJ's Special Housing Unit, Upper Tier, Cell No. 19. Plaintiff suffers from seizure disorder which causes frequent seizures. Plaintiff is being treated by MCJ mental health staff for PTSD, anxiety, and traumatic brain injury with brain damage. Around 11:00 am that day, Plaintiff experienced both a grand mal seizure and an anxiety attack. Pod workers and inmates notified a deputy and multiple jail deputies, nursing staff, and a sergeant were summoned. As Plaintiff recovered from the seizure, he started having an asthma attack due to lack of oxygen and

2

high blood pressure. There was a 15-20 minute delay in providing Plaintiff with medical care. As medical staff were unsuccessfully attempting to control Plaintiff's asthma attack and Plaintiff was unable to speak, get up or walk due to his asthma attack, unknown deputies grabbed Plaintiff, laughing and saying "Roll over and die already." As medical staff were administering breathing treatments and Plaintiff was struggling to breathe and shaking uncontrollably, the deputies continued to laugh, yell, and make obscene jokes about Plaintiff's condition. Medical staff refused to call an ambulance and send him to the hospitals because deputies told the nurses that Plaintiff was faking it despite Plaintiff's vitals indicating that Plaintiff was suffering a medical emergency. Marin County Jail is liable for not providing Plaintiff with a lower tier, lower bunk ADA cell. Defendants violated Plaintiff's Eighth Amendment rights when they denied and delayed medical care. ECF No. 13 at 2-3.

Plaintiff requests "immediate relief from the defendants and their placement of employment . . . a temporary restraining order to be granted against the defendants, for my ADA rights to be enforced . . .to be recognized as disabled in custody . . ." ECF No. 13 at 3. Plaintiff also requests appointment of counsel.

### D. Dismissal with Leave to Amend

Plaintiff's allegations that he was subjected to verbal harassment and abuse fail to state a cognizable Section 1983 claim because "verbal harassment generally does not violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). These claims are therefore DISMISSED with prejudice. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim).

The remainder of the amended complaint is DISMISSED with leave to amend. Plaintiff has failed to link the individual defendants to a specific constitutional violation. It is unclear what commander Captain Hale, nursing supervisor Aleksei Rajmachvili, mental health supervisor Kyle Hara, psychiatrist Rebeca Quezada, and nurse practitioner Joseph Bieleselo did, or did not do, that allegedly violated Plaintiff's constitutional rights.

To assist Plaintiff in preparing his second amended complaint, the Court reviews the

elements for an Eighth Amendment serious medical needs claim. Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). For deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060. An allegation that defendants should have known about his condition fails to state an Eighth Amendment claim. *Id.* A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The Court notes that, in the body of the amended complaint, Plaintiff alleges that Marin County Jail is liable for not providing Plaintiff with a lower tier, lower bunk ADA cell. However, Plaintiff has not identified Marin County Jail as a defendant. ECF No. 13 at 2. If Plaintiff wishes to bring an ADA claim against Marin County Jail, he should clearly list Marin County Jail as a defendant. If Plaintiff is bringing an ADA claim in this action in addition to an Eighth Amendment medical needs claim, Plaintiff must ensure that he complies with the joinder requirement set forth in Fed. R. Civ. P. 20(a) which requires Plaintiff to pursue in this action only

4

1 claims that arise out of the same transaction, occurrence, or series of transactions or occurrences,
2 and share a common question of law or fact. Fed. R. Civ. P. 20(a)(2).

**E.    Request for Appointment of Counsel**

Plaintiff has requested appointment of counsel due to his unspecified physical and mental impairments. ECF No. 13 at 3. Plaintiff previously requested appointment of counsel on this ground, ECF No. 11, and the Court denied his request for lack of exceptional circumstances. ECF No. 12. Plaintiff has not demonstrated that his circumstances have changed since the Court's denial in such a manner that appointment of counsel is appropriate. The Court DENIES Plaintiff's request for appointment of counsel.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.    The Court DISMISSES the amended complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiencies. The second amended complaint must include the caption and civil case number used in this order, Case No. C 22-06723 JST (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference. Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

/ / /

/ / /

/ / /

/ / /

5

2. The Court DENIES the request for appointment of counsel. ECF No. 13 at 3.

**IT IS SO ORDERED.**

Dated: July 26, 2023



JON S. TIGAR
United States District Judge