UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER REVELS,<br><br>          Plaintiff,<br><br>     v.<br><br>HALE, et al.,<br><br>          Defendants. | Case No. 22-cv-06723-JST<br><br>**ORDER OF PARTIAL SERVICE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF Nos. 19, 20 |

Plaintiff, an inmate at Marin County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review under 28 U.S.C. § 1915A is Plaintiff's second amended complaint. ECF No. 20. Plaintiff has also filed a renewed motion for appointment of counsel. ECF No. 19.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a
7  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
8  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
9  U.S. 42, 48 (1988).

**B.     Second Amended Complaint**

The second amended complaint names as defendants the following Marin County Jail ("MCJ") prison officials: Commander Captain Hale, Nursing Supervisor Aleksei Rajmachvili, Mental Health Supervisor Kyle Hara, Psychiatrist Rebeca Quezada, and Nurse Practitioner Joseph Bieleselo. ECF No. 20 at 1.

The second amended complaint makes the following relevant allegations. Plaintiff is diagnosed with epilepsy and therefore prison officials are required to house him on lower tier, lower bunk in order to supervise him. However, Plaintiff was housed in Marin County Jail's special housing unit, upper tier. Defendant Hale ignored Plaintiff's request to be housed in a lower tier, lower bunk cell, and defendants Rajmachvili, Quezada, and Kara failed to ensure that Plaintiff was housed in a lower tier, lower bunk cell. On August 7, 2022, Plaintiff suffered a grand mal seizure, followed by an asthma attack due to lack of oxygen. Medical care did not arrive for 20 minutes. The asthma attack left Plaintiff unable to speak, get up, or walk. Deputies had to sit Plaintiff up so that medical staff could administer breathing treatments. Defendant Bieleselo refused to call an ambulance so that the hospital could perform diagnostics on Plaintiff. Plaintiff alleges that defendants Hale, Rajmachvili, Quezada, and Kara violated the Eighth Amendment and the Americans with Disabilities Act by housing him on the upper tier, and that defendant Bieleselo violated the Eighth Amendment by refusing to call an ambulance.

A prison official is deliberately indifferent to an inmate's serious medical needs, in

violation of the Eighth Amendment if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Id.* at 1060. Liberally construed, Plaintiff's allegation that defendants Hale, Rajmachvili, Quezada, and Kara failed to house him on a lower tier, lower bunk as required to monitor his epilepsy states a cognizable Eighth Amendment violation for deliberate indifference to Plaintiff's serious medical needs. The allegations against defendant Bieleselo, however, do not meet this standard. Jail officials treated Plaintiff's asthma attack by providing breathing treatments. Given that medical care, Plaintiff has not clearly alleged why the decision not to call an ambulance was "medically unacceptable under the circumstances." *Id.* at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). The Eighth Amendment claim against defendant Bieleselo is therefore DISMISSED with leave to amend.

    Plaintiff's ADA claim is DISMISSED with prejudice. The elements of a cause of action under Title II are that: the plaintiff is an individual with a disability; the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Plaintiff is not alleging the denial of services, programs, or activities.

///

**C.     Request for Appointment of Counsel and to Proceed Before a Magistrate Judge**

Plaintiff has filed a renewed request for appointment of counsel.[1] Plaintiff seeks appointment of counsel for the following reasons. In or around November 2022, Marin County Superior Court deemed Plaintiff incompetent and unable to proceed with the court proceedings. The prisoner services position at Marin County Jail is currently vacant and Plaintiff is therefore not being provided with *pro se* materials and being denied meaningful access to the courts. ECF No. 19. In this same pleading, Plaintiff requests to proceed before a magistrate judge. *Id.*

Plaintiff's renewed request for appointment of counsel is DENIED for lack of exceptional circumstances. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* Plaintiff has ably articulated his claims and filed pleadings with the court despite his competency determination and the lack of staffing at Marin County Jail. The likelihood of Plaintiff's success on the merits is unclear at this stage of the litigation. The Court therefore DENIES Plaintiff's request for appointment of counsel for lack of exceptional circumstances. ECF No. 11. This denial is without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require, i.e., if this case proceeds to trial.

Plaintiff's request to have this case reassigned to a magistrate judge is DENIED. This case was assigned to the undersigned pursuant to the Court's assignment plan, as set forth in General Order No. 44.

/ / /

---

[1] The Court denied Plaintiff's prior request for appointment of counsel for lack of exceptional circumstances. ECF No. 12.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Court DENIES Plaintiff's request for appointment of counsel and to proceed before a magistrate judge. ECF No. 19.

2. Liberally construed, the complaint states a cognizable Eighth Amendment claim against Marin County Jail prison officials commander Captain Hale, nursing supervisor Aleksei Rajmachvili, mental health supervisor Kyle Hara, and psychiatrist Rebeca Quezada.

3. The Americans with Disabilities Act claim is DISMISSED with prejudice. The claim against defendant nurse practitioner Joseph Bieleselo is DISMISSED with leave to amend, if Plaintiff can truthfully do so. If Plaintiff wishes to amend his claims against nurse practitioner Joseph Bieleselo, Plaintiff shall file a third amended complaint within twenty-eight (28) days of the date of this order that addresses the identified deficiencies in his claim. The third amended complaint must include the caption and civil case number used in this order, Case No. C 22-06723 JST (PR) and the words "THIRD AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his third amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claim(s) found cognizable above and the defendant(s) served below. Plaintiff may not incorporate material from the prior complaints by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in ECF No. 20 remaining the operative complaint and this action proceeding solely on the claim(s) found cognizable above and against the defendant(s) ordered served below. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

4. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint (ECF No. 20), with all attachments thereto, and a copy of this order upon **defendants Marin County Jail prison officials commander Captain Hale, nursing supervisor Aleksei Rajmachvili, mental health supervisor Kyle Hara,**

5

**and psychiatrist Rebeca Quezada at Marin County Jail, 13 Peter Behr Dr., San Rafael, CA 94903.** A courtesy copy of the operative complaint with attachments and this order shall also be mailed to the Marin County Counsel, at 3501 Civic Center Dr., #275, San Rafael CA 94903.

5. In order to expedite the resolution of this case, the Court orders as follows:

 a. No later than 91 days from the date this order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

 b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

 c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

---

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

    7.    All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    9.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    10.    Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

1          11.     Plaintiff is cautioned that he must include the case name and case number for this
2  case on any document he submits to the Court for consideration in this case.
3          This order terminates ECF No. 19.
4          **IT IS SO ORDERED.**
5  Dated:  January 4, 2024



JON S. TIGAR
United States District Judge